IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN L. BROWN | ) | |
| | ) | |
| v. | ) | 3-06-CV-104-L |
| | ) | |
| THE BOARD OF PARDONS AND | ) | |
| PAROLES, ET AL | ) | |

ORDER, REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Standing Order of Reference filed on April 7, 2006, came on to be considered the following motions and responses filed in this action and the magistrate judge finds and recommends as follows:

**Statement of the Case**: Plaintiff, formerly an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, filed a complaint alleging that the Texas Board of Pardons and Paroles wrongfully caused a term of mandatory release supervision to be revoked. The Board itself and voting members of the Board who voted to revoke his supervised release and who subsequently voted to reinstate his mandatory supervised release are named as Defendants in Plaintiff's complaint filed on January 18, 2006. The individual members are sued in both their official and individual capacities. With the exception of John Doe a/k/a B. Jordan, the voting members are identified only as John Does. Plaintiff seeks monetary relief and injunctive relief. Although a former inmate, Plaintiff is not subject to the PLRA and paid the $250.00 filing fee. Only Defendant Jordan and the Board of Pardons and Paroles[1] have entered appearances in the case.

---

[1] The record reflects that on March 15, 2006, a pleading styled "Defendant Collier's Motion to Dismiss for Failure to State a Claim" was filed in this action. However, the body of the motion raised an Eleventh Amendment sovereign immunity defense, and the notation appearing below counsel's signature reflect that it was filed on behalf of the Board.

1. <u>Service of Process</u>.  Rule 4(m), Federal Rules of Civil Procedure, provides that if process is not served on a defendant within 120 days after the complaint is filed, a claim against an unserved defendant is subject to dismissal without prejudice.  A review of the papers and pleadings clearly demonstrate that Plaintiff, who is not proceeding <u>in forma pauperis,</u> has not effected service on those individuals named as John Doe defendants, pursuant to the means authorized under Rule 4(c), (d) or (e).[2]  Therefore, the District Court should consider dismissing these unnamed and unserved Defendants without prejudice.[3]

2. <u>Defendant Jordan's motion for protective order filed on April 5, 2006</u>.  Defendant Jordan's counsel was served with a discovery request on March 29, 2006.  In her previously filed answer she asserted the defense of qualified good faith immunity.  It is settled law that this immunity protects an official not only from a suit for damages in the official's individual capacity, but also protects the official from being required to engage in discovery unless and until the immunity defense is found to be lacking in merit.  <u>See e.g.</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817-818 (1982).  Accordingly, Jordan's motion for protective order will be granted.

3. <u>Plaintiff's Petition for Leave to Add Bryan Collier as a Party, etc. filed on April 27, 2006.</u>. In pertinent part this motion seeks to specifically name Bryan Collier as an individual defendant. The proper procedure is for a party to file an amended complaint.  <u>See</u> Rule 15(a), Federal Rules of Civil Procedure.  Under the current state of the record and the requirement that Rule 15 be liberally

---

[2]<u>See</u> Rule 106, Texas Rules of Civil Procedure; <u>Whitney v. L & L Realty Corp.</u>, 500 S.W.2d 94, 96 (Tex. 1973) (state law requires strict compliance with applicable rules and efforts short of that which is required by the rules are invalid and of no effect).

[3]The District Court previously denied Plaintiff's motion for default judgment.  <u>See</u> order filed on April 7, 2006.

construed Plaintiff should be allowed to file an amended complaint naming Collier as an additional defendant, which amended complaint, if filed, will replace and supersede Plaintiff's complaint filed on January 18, 2006. However, the court will deny the motion as presented. The Court further declines to address any issue pertaining to the relation back doctrine, unless an issue of timeliness is later raised.

4. Defendant Jordan's Motion for Leave to File Amended Answer filed on June 13, 2006. In her motion Jordan seeks leave to file an amended answer to add an additional defense of absolute immunity. As with Plaintiff's motion addressed in the preceding paragraph, this motion is also governed by Rule 15(a). Plaintiff's response filed on June 9, 2006, fails to present grounds which warrant denial of Jordan's motion.

**RECOMMENDATION**:

It is, therefore, recommended that the District Court order that Plaintiff effect service on all unserved defendants[4] within 90 days of the date of the District Court's order; and that if service is not effected, that Plaintiff's complaint or amended complaint as to any unserved defendant be dismissed without prejudice.

**ORDER:**

For the reasons stated above, it is ORDERED that Defendant Jordan's motion for protective order is GRANTED, and that she is relieved of any obligation to respond to Plaintiff's previously served discovery and will not be required to respond to any subsequently served discovery, unless and until her immunity defenses are found to be without merit.

---

[4] Although Plaintiff is not entitled to obtain discovery from Defendant Jordan, such protection does not apply to any discovery served on the Board's counsel of record.

IT IS FURTHER ORDERED that Plaintiff's petition to add Bryan Collier as a party defendant is DENIED, but without prejudice to his right to file a motion for leave to file an amended complaint. See Local Rule 15.1.

IT IS FURTHER ORDERED that Defendant Jordan's motion for leave to file an amended answer is granted and that the Clerk will file Jordan's amended answer in the papers and pleadings in this action.

IT IS FURTHER ORDERED that Plaintiff's Motion to Accept Defendants John Does a/k/a Gg and a/k/a Cs as Properly Served filed on April 27, 2006, is DENIED, and the Plaintiff's motions to strike Jordan's pleadings filed on June 6 and 9, 2006, respectively, are DENIED as moot.

A copy of this recommendation and order shall be transmitted to Plaintiff and counsel for Defendants Texas Board of Pardons and Paroles and B. Jordan.

SIGNED this 16th day of June, 2006.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.