IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARVIN BROWN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-104-L |
| | § | |
| **TEXAS BOARD OF PARDONS AND PAROLES, et. al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983 by Plaintiff Marvin Brown ("Brown") against the Texas Board of Pardons and Paroles (the "Board") and its members. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On January 23, 2007, the magistrate judge filed his Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"). Brown filed Plaintiff's Objections to the Findings, Conclusion, and Recommendation[] of the United States Magistrate Judge Concerning Plaintiff's Petition for Leave to Amend ("Objections") on January 29, 2007. After making an independent review of the pleadings, file and record in this case, and the magistrate judge's Report, the court **determines** that the magistrate judge's findings are correct.

Brown, who was previously incarcerated on a violator's warrant, filed his original complaint on January 8, 2006, seeking monetary damages for pain and suffering as well as lost wages that he contends resulted from the Board's decision to revoke his mandatory supervision. The court issued

**Memorandum Opinion and Order - Page 1**

an order on January 10, 2007, dismissing Brown's complaint for failure to state a claim against the Board and its members, who are entitled to absolute immunity. The court also dismissed all unknown John Doe Defendants on October 27, 2006. Brown, therefore, had no valid claims remaining against any defendants; however, on September 20, 2006, Brown filed Plaintiff's Petition for Leave to File an Amended Complaint. Brown's amended complaint restates all of the claims in his original complaint, but it also requests injunctive relief and adds Carlos Fierro, Director of Specialized Services for the Pardons and Paroles Division, as a defendant. The court agrees with the magistrate judge's Report that Brown's motion for leave to file an amended complaint should be denied as futile.

Under Fed. R. Civ. P. 15(a), leave to amend should be "freely given" unless the amendment fails to cure deficiencies, would be futile, or for other reasons in the exercise of the court's discretion. *See* Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962). As the court explained in its prior order of January 10, 2007, Board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). Brown's attempt, therefore, to impose individual liability on the Board members is barred by the Eleventh Amendment.

Brown also wishes to add Carlos Fierro as a defendant in this action for his conduct in imposing monitored GPS tracking on Brown following his release. The court agrees with the magistrate judge in that this claim is unrelated to Brown's original complaint, which challenged the Board's discretion in revoking Brown's mandatory supervision. By adding Carlos Fierro to this action, Brown would not be amending his current claim so much as he would be adding a completely new one, separate and distinct from that which he has already alleged. Even if the court allowed

**Memorandum Opinion and Order - Page 2**

Brown to add this new claim, Fierro's adjudicative determination to impose GPS monitoring on Brown following his release is also covered by absolute immunity. *See Id.*; *Littles v. Bd. of Pardons & Parole Div.*, 68 F.3d 122, 122 (5th Cir. 1995). The court, therefore, determines that joining Fierro as a defendant to this action would be futile and cause undue delay by adding an unrelated claim.

In his Objections, Brown cites multiple cases that allegedly support his motion to amend. Most prominently, Brown argues that this court does not recognize the Supreme Court decision, *Wilkinson v. Dotson*, wherein the Court permitted two prisoners who were denied parole to bring a § 1983 civil action against the parole board for declaratory and injunctive relief. 544 U.S. 74 (2005). The court does recognize this decision, but finds *Wilkinson* inapplicable to the current case. The *Wilkinson* Court held that prisoners who claim that parole procedures violate the Constitution may bring an action under 42 U.S.C. § 1983 and do not have to seek relief exclusively under federal habeas corpus statutes. *Id.* at 76. Here, the Report does not recommend dismissal because the magistrate judge believes that Brown should bring a petition for habeas corpus. Instead, the magistrate judge concludes, and the court agrees, that Brown has failed to allege any constitutional violations or claims not barred by the Eleventh Amendment, such that allowing the amendment would be futile.

Brown cites other cases in his Objections that are not on point to the issue here. For example, *Harlow v. Fitzgerald* dealt with whether presidential aides were entitled to absolute immunity. 457 U.S. 800 (1982). *Anderson v. Creighton* dealt with the qualified immunity of FBI agents. 483 U.S. 635 (1987). *Hernandez v. Texas Dep't of Protective and Regulatory Servs.* dealt with the qualified immunity of social workers. 380 F.3d 872 (5th Cir. 2004). *Papasan v. Allain* dealt with whether the distribution of school lands in Mississippi violated equal protection. 478 U.S.

**Memorandum Opinion and Order - Page 3**

265 (1986). Because these cases do not address the absolute immunity of parole boards or parole board members in the context of § 1983 actions, they are not relevant to the case at hand.

Accordingly, the magistrate judge's findings are **accepted** as those of the court. Plaintiff's Objections to the Findings, Conclusions, and Recommendation, of the United States Magistrate Judge Concerning Plaintiff's Petition for Leave to Amend is **overruled**. Plaintiff's Petition for Leave to File an Amended Complaint is **denied**. Because the court has already dismissed Plaintiff's Original Complaint against Board members Bettina Jordan and all other unknown defendants, there remains nothing left for disposition in this action. As such, Brown's action is hereby **dismissed with prejudice.**

**It is so ordered** this 26th day of June, 2007.

Sam A. Lindsay
United States District Judge